951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lech RACHON, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9528.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Rachon, a native and citizen of Poland, appeals the Board of Immigration Appeals decision that denied him both asylum and the withholding of deportation. We affirm.
 
 
 3
 Mr. Rachon illegally entered the United States without inspection in 1985. An order was issued charging Mr. Rachon with a violation of the Immigration and Naturalization Act for entry into the United States without inspection.[1] Mr. Rachon admitted the factual allegations, conceded his deportability and claimed both asylum and the withholding of deportation.
 
 
 4
 The principal issue before the Immigration Judge was whether Mr. Rachon had either a well founded fear of or a clear probability of persecution should he be deported and returned to Poland. A summary of Mr. Rachon's evidence reveals he joined Solidarity in 1981, was active therein, and as a result was detained ten to fifteen times and questioned about his membership. Mr. Rachon was once held in custody thirty hours for failure to participate in May Day activities and was warned he would be jailed for five years if he was arrested again. Mr. Rachon told of strained relationships with persons who might have been seriously punished because of their friendship with him. Mr. Rachon then illegally obtained a passport to visit Mexico by bribery and from there illegally entered the United States.
 
 
 5
 The Immigration Judge found Mr. Rachon had not established either a well founded fear of or a clear probability of persecution should he return to Poland. He further noted that even if a statutory basis for asylum had been established, he would, in the exercise of discretion, deny Mr. Rachon's request for asylum because of the manner in which he had illegally entered the United States.
 
 
 6
 The Board of Immigration Appeals, after taking administrative notice of the fact that on September 10, 1989, the former government of Poland was replaced by one in which Solidarity was a coalition partner, likewise came to the same conclusion.
 
 
 7
 Mr. Rachon appeals asserting that the events above described would "cause any reasonable person to fear persecution"; that the Immigration Judge failed to consider that, at the time of the hearing before him, Solidarity was not accepted by the Polish government; and that there exists "extreme uncertainty in the entire world" in view of recent developments in the Soviet Union.
 
 
 8
 It is firmly established that an asylum applicant must support his claim through credible, direct and specific evidence rather than speculation and conjecture. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988). Mr. Rachon clearly failed to carry his burden. The objective evidence simply fails to establish a well-founded fear or clear probability of persecution upon Mr. Rachon's return to Poland. In fact, as the Board of Immigration Appeals found, had a fear of persecution been established, that threat had been removed as the government from which the perceived threat emanated had been removed from power.
 
 
 9
 Mr. Rachon has failed to persuade this court there exists error of fact or law. The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See 8 U.S.C. § 1251(a)(2)